# MINTZ LEVIN

Todd Rosenbaum | 212 692 6819 | tfrosenbaum@mintz.com

Chrysler Center
666 Third Avenue
New York, NY 10017
212-935-3000
212-983-3115 fax
www.mintz.com

April 18, 2017

<u>Via ECF</u>

Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East Brooklyn
New York 11201
Chambers: Room S905
Courtroom: N6G

      Re:    <u>*Katz v. Metropolitan Transportation Authority*, No. 1:17-cv-00472-KAM-RLM (filed January 31, 2017)</u>

Dear Judge Matsumoto:

      We write on behalf of Defendant Metropolitan Transportation Authority ("MTA") to arrange for a pre-motion conference, pursuant to Practice Rule IV.B.1 of Your Honor's Chambers Practices, before MTA files a motion under Fed. R. Civ. P. 11. The bases for MTA's anticipated motion are described below.

**Despite Confirming Plaintiff Could Not Amend Within the Bounds of Rule 11, Plaintiff Amended and Still Lacks Article III Standing**

      On February 22, 2017, MTA submitted a letter to this Court requesting a pre-motion conference for a forthcoming motion to dismiss under Fed. R. Civ. P. 12. [Dkt. # 6] In its letter, MTA explained that Plaintiff, who bears the burden of establishing Article III standing (*see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)), failed to adequately allege standing in the initial Complaint. Among other things, Plaintiff alleged a mere procedural violation of the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681, *et seq.* and failed to explain how he was injured as a result of two allegedly non-compliant receipts that only he received and which no one else saw. Nor had Plaintiff shown how any alleged injury was caused by MTA.

      On March 1 the parties participated in a pre-motion conference before the Court. During the conference, Plaintiff was advised that the allegations in the initial Complaint did not appear to sufficiently allege standing. Plaintiff's counsel, more than once, said that he did not believe he could amend within the bounds of Rule 11 and adequately allege standing. Plaintiff was granted leave to amend the initial Complaint within two weeks or to notify MTA if he did not intend to do so.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | LONDON | LOS ANGELES | NEW YORK | SAN DIEGO | SAN FRANCISCO | STAMFORD | WASHINGTON

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

April 18, 2017
Page 2

      Despite representations regarding Plaintiff's inability to amend within the bounds of Rule 11, on March 10 Plaintiff filed an Amended Complaint. [Dkt. # 15][1] Because Plaintiff in fact was not injured, Plaintiff again fails to allege Article III standing. Plaintiff has added nothing of substance and claims that he was "compelled to undertake steps to guard against and ameliorate the risk [of identity theft] foisted upon him by Defendant's failure to comply with the Card Number Truncation Requirement" but fails to identify any such steps that he allegedly took or any inconvenience that he allegedly suffered. Amended Complaint at ¶ 5. Instead, Plaintiff claims that the receipts inherently burdened each *recipient* "with whatever additional steps may be needed to ensure the safety of their identity" such that they could not "simply [] crumple[]" the receipt and throw it away, but rather must have reviewed it and perhaps shredded it later. *Id.* at ¶ 63. Nowhere in the Amended Complaint, however, does Plaintiff allege that anyone saw the allegedly offending receipts or how the receipts subjected him to identity theft.

      Allegations which say nothing about Plaintiff's alleged injury do not suffice to confer standing. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548 (2016). Plaintiff's allegations *again* fail to explain how a receipt that *only the Plaintiff* saw caused an injury and why the alleged disclosure of the first six digits of a credit card (which do not reveal any information personal or unique to Plaintiff, but rather reveal only the card's make) would cause an injury in the first place. *See e.g. Cruper-Weinmann v. Paris Baguette Am., Inc.*, No. 13 Civ. 7013 (JSR), 2017 U.S. Dist. LEXIS 13660 (S.D. N.Y. Jan. 30, 2017); *Fullwood v. Wolfgang's Steakhouse, Inc.*, No. 13 Civ. 7174 (KPF), 2017 U.S. Dist. LEXIS 11711 (S.D. N.Y. Jan. 26, 2017); *Kamal v. J. Crew Grp., Inc.*, No. 2:15-0190 (WJM), 2016 U.S. Dist. LEXIS 145392 (D.N.J. Oct. 20, 2016); *In re Toys "R" Us – Del., Inc. – Fair & Accurate Credit Transactions Act (FACTA) Litig.*, No. MDL 08-01980 MMM (FMOx), 2010 U.S. Dist. LEXIS 133583, at * 53 (C.D. Cal. Aug. 17, 2010) ("there is no possibility that the printing of the first six digits could have resulted in a risk of harm greater than that prohibited by Congress").

      Apart from again failing to allege any injury, Plaintiff has not established a particularized injury that "affect[s] the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. Nor has Plaintiff pointed to an injury that is "actual or imminent," instead relying on a "conjectural [and] hypothetical" alleged injury that does not satisfy the threshold for standing. *Ross v. AXA Equitable Life Ins. Co.*, No. 15-2665-cv, 2017 U.S. App. LEXIS 3239, at *7 (2d Cir. Feb. 23, 2017) (internal quotations omitted). Also, and as in the initial Complaint, Plaintiff does not allege any claimed injury that is "trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560; despite acknowledging that the entities lumped together as "MTA" are individual "public benefit corporations," Plaintiff does not explain why the acts of a separate legal entity that operated the bridges where Plaintiff claims to have received non-compliant receipts are traceable to the Metropolitan Transportation Authority.

---

[1] After Plaintiff filed the Amended Complaint, the parties submitted a joint letter with a proposed schedule for MTA's Motion to Dismiss. On March 16, the Court adopted the proposed briefing schedule, under which the fully briefed Motion to Dismiss is due to be filed by June 5, 2017 (the due date for MTA's Reply brief). In accordance with the briefing schedule, MTA has served its Motion to Dismiss on Plaintiff and, unless the Amended Complaint is dismissed, will file the Motion, any Opposition, and the Reply on or before June 5.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

April 18, 2017
Page 3

The goal of Rule 11 is "to deter baseless filings," *S. Pac. Shipping Co., Ltd. v. Redi-Fresh Produce, Inc.*, No. 14 Civ. 4157 (LAK)(AJP), 2014 U.S. Dist. LEXIS 170246, at *22 (S.D.N.Y. Dec. 9, 2014), and to ensure that parties and their counsel "conduct a reasonable inquiry into the law and facts before signing pleadings"; that they "'stop-and-think' before initially making legal or factual contentions." Fed. R. Civ. P. 11; Advisory Committee Notes to 1993 Amendments. Under Rule 11(b), a person presenting a pleading to a court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b).

This Court need not make any findings of bad faith to impose sanctions under Rule 11(b), *Johnson v. Tower Air*, 149 F.R.D. 461, 472 (E.D.N.Y. 1993), because when a party's pleadings are patently insufficient, it gives rise to an inference of an improper purpose. *S. Pac. Shipping Co., Ltd.*, 2014 U.S. Dist. LEXIS 170246 at *28; *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 338 (2d Cir. 1999); *Katzman v. Victoria's Secrete Catalogue*, 167 F.R.D. 649, 661 (S.D.N.Y. 1996). This is especially true when counsel have been warned by the court and opposing counsel that a claim is meritless and risks sanctions. *See McLoughlin v. Altman*, 92 CIV. 8106 (KMW), 1995 U.S. Dist. LEXIS 12330, at *8-*9 (S.D.N.Y. Oct. 31, 1995); *Keles v. Yale Univ.*, 889 F. Supp. 729, 736 (S.D.N.Y. 1995); *Polar Int'l Brokerage Corp. v. Reeve*, 196 F.R.D. 13, 17-19 (S.D.N.Y. 2000); *Adams v. N.Y. State Educ. Dep't*, 08 Civ. 5996 (VM) (AJP), 2010 U.S. Dist. LEXIS 129510, at *42, *45-*46 (S.D.N.Y. Dec 8, 2010).

**Proposed Briefing Schedule**

In accordance with Rule 11(c)(2), on April 3, 2017, MTA served Plaintiff's counsel with its motion for sanctions. Plaintiff's counsel has refused to withdraw the Amended Complaint. Accordingly, MTA now wants to file its motion with the Court and proposes the following briefing schedule: MTA's Opening Brief – Due on April 24, 2017; Plaintiff's Opposition Brief – Due May 8, 2017; MTA's Reply Brief – Due May 22, 2017.

                                                     Respectfully Submitted,

                                                     /s/ Esteban Morales
                                                     Joshua Briones (admitted pro hac)
                                                     Esteban Morales (admitted pro hac)
                                                     Todd Rosenbaum
                                                     Counsel for Metropolitan Transportation Authority