

125 BROAD STREET, NEW YORK, NY 10004   TEL 212 471-8500   FAX 212 344-3333   WWW.HERZFELD-RUBIN.COM

April 20, 2017

**DANIEL V. GSOVSKI**
Direct Line: (212) 471-8512
dgsovski@herzfeld-rubin.com

**BY ECF**
Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers S9050
Brooklyn, New York 11201

   Re: Katz v. MTA, – 17 cv 00472-KAM-RLM

Dear Judge Matsumoto:

  Responding to Defendant's pre-motion letter of April 18 (ECF 27), Plaintiff respectfully suggests that filing of the Rule 11 motion contemplated in Defendant's letter be deferred until Defendant's motion to dismiss has been decided. This Court's decision on that motion may obviously moot such a motion, and will at the very least significantly affect its content and arguments.

  Even as matters now stand, there is ample reason for Defendant and its counsel to think better of this tactic. One particularly glaring example will suffice.

  Defendant's letter takes special aim at paragraph 63 of the Amended Complaint, which reads, in full, as follows:

> 63. Each violative receipt (such as those provided to Plaintiff Katz) inherently burdens the recipient with whatever additional steps may be needed to ensure the safety of their identity; the receipts may not simply be crumpled and thrown into a nearby trash can, but must be reviewed it to assess what was printed, be retained, and perhaps shredded or cut up later. Such ***additional inconvenience that consumers must undergo in order to secure their own rights, when Congress, in FACTA, has placed that burden on others, is a concrete injury in fact*** sufficient to give them standing to seek the statutory damages expressly provided to them in FACTA, apart from and in addition to the standing conferred upon them solely by Defendant's providing them with credit or debit card transaction receipts in violation of the Card Number Truncation Requirement . . . (Emphasis added)

  This pleading, according to Defendant, is sanctionable. (Dkt. # 27 at 2) In fact, it sets forth the exact rationale – in virtually the exact words – on which standing to challenge the printing of a

| HERZFELD & RUBIN, P.C. | CHASE KURSHAN HERZFELD & RUBIN, LLC | HERZFELD & RUBIN, LLP | RUBIN MEYER DORU & TRANDAFIR |
|---|---|---|---|
| 1225 FRANKLIN AVE, SUITE 315 | 354 EISENHOWER PARKWAY, SUITE 1100 | 1925 CENTURY PARK EAST | SOCIETATE CIVILA DE AVOCATI |
| GARDEN CITY, NY 11530 | LIVINGSTON, NJ 07039-1022 | LOS ANGELES, CA 90067 | 7. STRADA PUTUL CU PLOPI |
| TELEPHONE: 212-471-3231 | TELEPHONE: 973-535-8840 | TELEPHONE: 310-553-0451 | BUCHAREST I, ROMANIA |
| | | | TELEPHONE: (40) (21) 311-1460 |



Hon. Kiyo A. Matsumoto
April 20, 2017
Page 2

card expiration date under FACTA, without more, has been upheld against challenge as inherently embodying "concrete harm" to the plaintiff sufficient for standing:

> A person or entity who prints an expiration date [or, as in this case, more than the last five digits of a credit card number] on a receipt . . . does not simply violate a procedural provision of FACTA but creates a real risk of identity theft—the very harm that FACTA was enacted to combat. There is a real risk that the customer's right to the privacy of their credit or debit card information is violated. Nor is this harm made harmless when, as here, the risk fails to materialize because no potential identity thief actually sees the receipt. Even in this situation, *the consumer must take additional steps to ensure the safety of her identity; she may not simply crumple the receipt and throw it into a nearby trash can, but must review it to assess what was printed, hold on to it, and perhaps shred it or cut it up later.* The inconvenience may be minor; but *the additional inconvenience that a consumer must undertake in order to secure their own rights, when a statute places that burden on others, is surely a concrete harm.* The injury that [Plaintiff] alleges is therefore a concrete injury in fact. She has standing to bring this action.

*Deschaaf v. Am. Valet & Limousine Inc.*, No. CV-16-03464-PHX-GMS, 2017 U.S. Dist. LEXIS 21241, at *10-11 (D. Ariz. Feb. 15, 2017). (Emphasis added)

*Deschaaf* conflicts with many of Defendant's favorite cases, such as *Cruper-Weinmann v. Paris Baguette Am., Inc.*, No. 13 Civ. 7013 (JSR), 2017 U.S. Dist. LEXIS 13660 (S.D. N.Y. Jan. 30, 2017), which is now on appeal.  On the other hand, *Deschaaf* is in harmony with recent decisions such as *Bautz v. ARS Nat'l Servs.*, No. 16-CV-768 (JFB) (SIL), 2016 U.S. Dist. LEXIS 178208 (E.D.N.Y. Dec. 23, 2016), in which Judge Bianco's analysis of *Strubel v. Comenity Bank*, 842 F.3d 181 (2d Cir. 2016) led him to hold that "a statutory infraction may result in *de facto* injury-in-fact where historical practice and congressional judgment support finding a substantive right."  2016 U.S. Dist. LEXIS 178208, at *28.  Like *Bautz*, the Amended Complaint invokes the Second Circuit's controlling decision in *Strubel* for the key proposition that "an alleged procedural violation can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents a 'risk of real harm' to that concrete interest." 842 F.3d at 190, citing *Spokeo, Inc. v. Robins,* 136 S.Ct. 540, 1549 (2016).  (Dkt. # 14, ¶ 26).



Hon. Kiyo A. Matsumoto
April 20, 2017
Page 3

In short, paragraph 63 of the Amended Complaint rests on the exact theory espoused in *Deschaaf*, directly supported by the Second Circuit's teachings in *Strubel*, with respect to a legal area under active development and debate in the federal court system. There could be no clearer example of a claim or contention "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law." Rule 11(b)(2), Fed. R. Civ. P. The fact that Plaintiff's counsel did not articulate this theory on the phone on March 1, and did not volunteer a citation to *Deschaaf*, which had come down barely two weeks earlier, furnishes no basis for Defendant's insinuations of misconduct.

More broadly, the plain facts are that the parties advocate opposed positions, and that Your Honor will eventually agree with only one of us. This is the stuff of our adversary system, and can under no circumstances be a legitimate basis for sanctions, except insofar as Rule 11(c)(2) authorizes an award of attorney fees to the prevailing party on an unsuccessful motion. We strongly dispute Defendant's remaining intimations of wrongdoing, including the attempt to "spin" other statements made at the March 1 conference, and reserve all rights, including our right to attorney's fees, should an actual motion be filed. For the present, we urge that the Rule 12 motion be prioritized, after which Defendant can assess its position and act as it may wish.

Respectfully,

Daniel V. Gsovski

Counsel for Plaintiff

cc: all counsel (by ECF)