UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--- --- --- --- --- --- --- --- --- --- --- --- --- ---      x
YAAKOV KATZ, individually and on behalf of a          )          Case No. 1:17-cv-00472-KAM-RLM
class of persons similarly situated,                          )
                              Plaintiff,          )
                                               )
     vs.                                                          )
                                               )
METROPOLITAN TRANSPORTATION                          )
AUTHORITY, a New York public benefit                      )
corporation,                                                      )
                         Defendant.          )
                                               )
--- --- --- --- --- --- --- --- --- --- --- --- --- ---      x

## DECLARATION OF ESTEBAN MORALES IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

     I, Esteban Morales, declare as follows:

     1.     I am an associate at the law firm Mintz Levin Cohn Ferris Glovsky & Popeo PC,

counsel *pro hac vice* for defendant the Metropolitan Transportation Authority ("MTA").  I have

personal knowledge of the matters set forth in this declaration.

     2.     Attached hereto as **Exhibit 1** is a true and correct copy of Yehuda Katz's First

Amended Complaint in *Katz v. The Donna Karan Company, LLC, et al.*, United States District

Court for the Southern District of New York, Case No. 1:14-00740-PAC, which I downloaded

from the Southern District of New York's Document Filing System.

     I declare under penalty of perjury under the laws of the state of New York and the United

States of America that the foregoing is true and correct.

Dated: April 14, 2017

                                                    _____
                                           Esteban Morales (*pro hac vice*)

EXHIBIT 1

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

YEHUDA KATZ,                )
Individually and on behalf of a class,  )
                              )
          Plaintiff,        )    Case No. CV:1:14-00740-PAC
                              )
    v.                   )    **FIRST AMENDED COMPLAINT**
                            **)**    **CLASS ACTION**
THE DONNA KARAN COMPANY, LLC;   )    **JURY TRIAL DEMANDED**
THE DONNA KARAN COMPANY STORE, LLC; )
DONNA KARAN INTERNATIONAL, INC.   )
                              )
          Defendants.     )

## INTRODUCTION

1.    Plaintiff Yehuda Katz ("Plaintiff"), individually and on behalf of a class defined herein, brings this action against The Donna Karan Company, LLC, The Donna Karan Company Store, LLC and Donna Karan International, Inc.("Defendants") to secure statutory damages for willful, i.e. reckless, violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

2.    The operative provision of FACTA, codified at 15 U.S.C. §1681c(g), provides that:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

3.    The purpose of this "truncation requirement" is to thwart identity theft. The Federal Trade Commission estimates that over 9 million persons each year have their identity assumed by criminals for financial gain, causing losses in excess of $50 billion.

4.      Full compliance with its truncation requirement was required no later than December 4, 2006.

5.      On June 3, 2008, Congress retroactively removed liability for willful expiration date violations through that date. This amendment was widely publicized and sponsored by the Chamber of Commerce and other retailer organizations.

6.      Despite years of publication, notice and compliance by other merchants, Defendants have willfully and recklessly failed to comply with the truncation requirement.  The length and scope of these violations cannot be determined without discovery, but based on the timing and location of the violation with respect to Plaintiff Yehuda Katz ("Plaintiff") the scope of such violations and the number of victims such as Plaintiff plainly meets the numerosity requirements of Federal Rule of Civil Procedure 23(a).

7.      Plaintiff brings this action against Defendants based on their willful and reckless violations of 15 U.S.C. §§ 1681 *et seq.* and seeks statutory damages, attorneys' fees, costs, punitive damages  and such other relief as the Court deems proper.

### JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p ("FCRA").

9.      Venue is proper because Defendants conduct business within this jurisdiction, Defendants' headquarters are in this jurisdiction and the transaction giving rise to this lawsuit occurred within this jurisdiction.

### PARTIES

10.     Plaintiff, Yehuda Katz, is a resident of New York.

11. Defendant The Donna Karan Company, LLC is a New York limited liability company with an address for service of process at 240 West 40th St., New York, NY 10018.

12. Defendant The Donna Karan Company Store, LLC is a New York limited liability company with an address for service of process at 240 West 40th St., New York, NY 10018.

13. Defendant Donna Karan International, Inc. is a Delaware corporation with an address for service of process of 550 Seventh Avenue, New York, NY 10018

14. Defendants are each a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

## CLASS ALLEGATIONS

15. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

16. The proposed class is defined as:

all persons in the United States who used either a debit or credit card at any of Defendants' locations and was provided an electronically printed receipt at the point of sale or transaction by any Defendant showing more than the last five digits of that person's credit or debit card number for a time period beginning February 4, 2009 until the date of the class is certified.

17. The class is so numerous that joinder of all individual members in one action would be impracticable.

18. There are, on information and belief, hundreds if not thousands of persons who meet the class definition, all of whom can be individually identified through the use of their credit card data, or through other customer databases, such as catalog mailing lists, kept and maintained by defendants.

19. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal theories and arise from the same conduct. There are common questions of fact and

law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

20.　　Whether Defendants provided customers with a sales or transaction receipts which failed to comply with the truncation requirement;

21.　　Whether Defendants' conduct was sufficiently reckless to qualify as "willful" under FACTA.

22.　　Plaintiff will fairly and adequately represent the class members.

23.　　Plaintiff has no interests that conflict with the interests of the class members.

24.　　Plaintiff has retained counsel experienced in consumer class action matters.

25.　　A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members.


**CLAIM FOR RELIEF**

26.　　Plaintiff repeats all previous allegations with the same force and effect as if fully stated herein.

27.　　In transacting their business, Defendants use numerous cash registers and/or other machines or devices that electronically print receipts for credit card and debit card transactions.

28.　　Plaintiff is the holder of a "VISA" bank issued credit and/or debit card as defined under 15 U.S.C. § 1681a.

29.　　On February 2, 2014, Plaintiff presented his credit card to make a purchase at Defendants' store located at 420 West Broadway, New York, New York.

30.　　At the completion of his purchase, Plaintiff was given a customer copy of a computer-generated cash register receipt that published the first six digits of Plaintiff's credit

card number. (hereinafter the "Katz receipt"). The Katz receipt also published the last four digits of Plaintiff's credit card number.

31. On information and belief, the computer which generated the Katz receipt was programmed through hardware or software design and setup to print the six first digits of credit card numbers on each and every credit card receipt that device generated.

32. The machine which generated the Katz receipt was located at an extremely busy store in the Soho area, a tourist attraction in New York City which draws extraordinarily high retail traffic including shoppers who come from around the United States.

33. The store which issued the Katz receipt is listed on the internet as open Monday through Saturday from 10AM to 8PM and on Sunday from 11 AM to 7PM. At a rate of only one credit card transaction every 5 minutes (12 per hour), the single checkout station which issued the Katz receipt was, at that time, generating an average of 816 receipts in violation of FACTA every week.

34. On information and belief, the checkout station at 420 West Broadway which generated the Katz receipt is one of several such stations in the store.

35. Defendants directly operate three additional "DKNY" retail stores in New York City, at prime high traffic locations, and at least one location selling "Donna Karan" branded items from Defendants' top of the line and couture brand.

36. Insofar as additional machines may have been programmed to operate in violation of FACTA, the number of transactions generating illegal receipts under FACTA can total into the ten or hundreds of thousands per year in New York City alone,

37. Defendants maintain other retail operations, including "company stores" at outlet malls, at various throughout the United States.

38.     In allowing point of sale receipts for in-store transactions, such as the Katz receipt, to include digits other than the last five digits of customers' credit card numbers, Defendants acted in reckless disregard of the applicable legal standard, as to which they have been on repeated actual notice for many years.  This was "not only a violation under a reasonable reading of the statute's terms, but . . .  the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless," and was thus  "willful" within the meaning of FACTA, as established by the United States Supreme Court.  *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 68 (2007).

39.     With respect to point of sale machines that were first put into use after January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. § 1681c(g)(1).

40.     With respect to point of sale machines that had been in use before January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. § 1681c(g)(1) on or after December 1, 2006.

41.     In May 2007, the Federal Trade Commission issued a business alert informing businesses that "you may include no more than the last five digits of the [credit and debit] card number, and you must delete the [credit and debit] card's expiration date."  FTC Business Alert, Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information in Receipts.

42.     On June 3, 2008, President George W. Bush signed The Credit and Debit Card Receipt Clarification Act (Clarification Act), which amended the Fair and Accurate Credit Transactions Act (FACTA).  The Clarification Act provides that "any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction

between December 4, 2004, and the date of the enactment of this subsection but otherwise complied with the requirements of section 605(g) for such receipt shall not be in willful noncompliance with section 605(g) by reason of printing such expiration date on the receipt."

43.     Defendants accept Visa, MasterCard, Discover credit and debit cards and American Express credit cards in the course of transacting business with persons who make purchases at Defendants' retail locations.

44.     Banks and credit card associations (i.e. Visa, MasterCard, American Express, Discover, etc.) have informed their merchants, such as Defendants, for years about FACTA and it's the truncation requirement.

45.     VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discover, American Express), companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed merchants, such as Defendants, about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers.

46.     Defendants, by the terms of the contracts they entered with Visa, MasterCard, American Express, and/or Discover, acknowledged their awareness of FACTA's truncation requirements and expressly agreed to be FACTA compliant.

47.     Visa explicitly instructed merchants, including Defendants, that a credit or debit card number must be truncated to no more than five digits and that the expiration date must be truncated entirely.

48.     For example, the August 12, 2006 edition of "Rules for Visa Merchants" (p. 62), which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of

the receipt" and "the expiration date should not appear at all." These statements were accompanied by a picture of a receipt showing precisely what had to be removed. VISA required complete compliance by July 1, 2006, five months ahead of the statutory deadline. Defendants, on information and belief, received this and subsequent Rules from Visa.

49.     MasterCard has explicitly instructed merchants, including Defendants, that a credit or debit card number must be truncated to no more than five digits and that the expiration date must be truncated entirely.

50.     American Express has explicitly instructed merchants, including Defendants, that a credit or debit card number must be truncated to no more than five digits and that the expiration date must be truncated entirely.

51.     Discover has explicitly instructed merchants, including Defendants, that a credit or debit card number must be truncated to no more than five digits and that the expiration date must be truncated entirely.

52.     Defendants, on information and belief, received and understood such communications.

53.     A bulletin dated June 14, 2006 issued by AllianceData, another processor, informed its customers that under FACTA "no person that accepts credit cards or debt cards for the transaction of business shall print more that the last 5 digits of the card number . . . upon any receipt provided to the cardholder at the point of sale transaction." It further stated that Visa required compliance by July 1, 2006 and MasterCard by April 1, 2005.

54.     Upon information and belief, Defendants are members of various trade groups that informed their members about the truncation requirements. Defendants, on information and belief, received and understood such communications.

55.     Governmental agencies have expended considerable resources to inform business, such as Defendants, about the importance of FACTA, why the law is in place and what business must do to be compliant or risk statutory penalties.  For example, the Federal Trade Commission issued a business alert in May 2007 entitled "Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts," which stated: "According to the federal Fair and Accurate Credit Transactions Act (FACTA), the electronically printed credit and debit card receipts you give your customers must shorten – or truncate – the account information. You may include no more than the last five digits of the card number, and you must delete the card's expiration date."

56.     At the time of the FACTA violations identified in this Complaint and before, Defendants knew of their obligations under FACTA and the importance of the truncation requirements.

57.     Despite actual knowledge of FACTA's requirements, contractual requirements from credit card issuers that Defendants must be FACTA compliant, and notifications from credit card issuers and the federal government, Defendants continue to willfully disregard FACTA's requirements and continue to use cash registers or other machines or devices that print receipts in violation the truncation requirement after 2006..

58.     Defendant violated 15 U.S.C. § 1681c(g)(1), which provides that:

> …**no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number** or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

> 15 U.S.C. § 1681c(g)(1) (emphasis added).

59.     FCRA, 15 U.S.C. § 1681n, provides:

> § 1681n. Civil Liability for willful noncompliance

(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§ 1681 *et seq.*] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; [ ]

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court…

60.     FCRA, 15 U.S.C. § 1681p, further provides:

§ 1681p. Jurisdiction of courts; limitation of actions

An action to enforce any liability created under this title [15 U.S.C. §1681 *et seq.*] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of –

(1) 2 years after the date of discovery by plaintiff of the violation that is the basis for such liability; or

(2) 5 years after the date on which the violation that is the basis for such liability occurs.

61.     Defendants received information on multiple occasions regarding the truncation requirements and its importance for prevention of identity theft.

62.     Notwithstanding all of the publicity and the Defendants' knowledge of the statute's requirements, they willfully failed to comply with FACTA thereby putting all of their customers' financial identities at risk and requiring the imposition of minimum statutory damages for each receipt issued in violation of the FACTA truncation requirement.

WHEREFORE, Plaintiff requests this Court to: 1) certify the class as described herein; and 2) enter judgment in favor of Plaintiff and the class members and against Defendants awarding:

a. Statutory damages of no less than $100 nor more than $1,000 per violation;

b. Pre- and post-judgment interest, attorneys' fees and costs;

c. Punitive damages, in an amount to be proven at trial; and

d. Such other and further relief as the Court may deem proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury on all issues so triable.

DATED this 6rd day of May 2014.

Respectfully submitted,

Herzfeld & Rubin, P.C.

By: /s/: Daniel V. Gsovski
        Daniel V. Gsovski (dg4413)
A Member of the Firm
125 Broad Street
New York, New York 10004-2400
(212) 471-8512
(212) 344-3333 (FAX)
dgsovski@herzfeld-rubin.com

Shimshon Wexler  (sw2392)
The Law Offices of Shimshon Wexler, PC
216 West 104th St., #129
New York, New York 10025
(212) 760-2400
(917) 512-6132 (FAX)
shimshonwexler@yahoo.com

## <u>CERTIFICATE OF SERVICE</u>

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 2029 Century Park East, Suite 1370, Los Angeles, California 90067.

On April 14, 2017, I served the foregoing documents described as:

- **DECLARATION OF ESTEBAN MORALES IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**

on the parties in this action by serving:

**Daniel V. Gsovski**
**Shimshon Wexler**
**Herzfeld & Rubin, P.C.**
**125 Broad Street**
**New York, New York 10004**
**Email:  DGsovski@herzfeld-rubin.com, swexleresq@gmail.com**

☒ By Envelope - by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as above and delivering such envelopes:

☒ **By Mail**:  As follows:  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

☐ **By Facsimile Transmission**:  On April 14, 2017, I caused the above-named document to be transmitted by facsimile transmission, from fax number 310-586-3202, to the offices of the addressee(s) at the facsimile number(s) so indicated below.  The transmission was reported as complete and without error.

☒ **By E-Mail Electronic Transmission**:   Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address(es) so indicated below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on April 14, 2017, at Los Angeles, California.

☒ **FEDERAL**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_Jazmin Leon_
JAZMIN LEON

68463631v.1

1