UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
YAAKOV KATZ, individually and on behalf of a ) Case No. 1:17-cv-00472-KAM-RLM
class of persons similarly situated, )
                      Plaintiff, )
                                                    )
vs.                                          ) ORAL ARGUMENT REQUESTED
                                                 )
METROPOLITAN TRANSPORTATION )
AUTHORITY, a New York public benefit )
corporation, )
                      Defendant. )
                                                 )
--------------------------------------------------------------- x

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT METROPOLITAN TRANSPORTATION AUTHORITY'S MOTION TO DISMISS

## Table of Contents

| | Page No. |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 3 |
| I. THE AMENDED COMPLAINT FAILS TO PLEAD ARTICLE III STANDING | 3 |
|     A. Plaintiff Cannot Plead a Concrete Injury Here | 3 |
|         i. Printing Card Issuer Numbers is a Procedural Violation of FACTA | 3 |
|         ii. Printing Card Issuer Numbers Presents No Risk of Identity Theft | 5 |
|     B. Plaintiff's Alleged Injury Is Not Particularized | 7 |
|     C. Plaintiff's Alleged Injury Is Not Traceable to the MTA | 8 |
| II. PLAINTIFF FAILS TO ALLEGE A WILLFUL VIOLATION | 9 |
| CONCLUSION | 10 |

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                   **Page(s)**

*Amason v. Kangaroo Exp.*,
    2013 U.S. Dist. LEXIS 32980 (N.D. Ala. Mar. 11, 2013) ..................................................... 4

*Amason v. Kangaroo Exp.*,
    2013 US Dist. LEXIS 32981 (N.D. Ala., Mar. 11, 2013) ..................................................... 4

*Amason v. Pantry, Inc.*,
    2014 U.S. Dist. LEXIS 90537 (N.D. Ala. July 3, 2014) ...................................................... 4

*Cruper-Weinmann v. Paris Baguette Am., Inc.*,
    2017 U.S. Dist. LEXIS 13660 (S.D.N.Y. Jan. 30, 2017) ................................................. 4, 6

*Flaum v. Doctors Associates, Inc.*,
    204F. Supp. 3d 1337 (S.D. Fla. 2016) ................................................................................. 4

*Fullwood v. Wolfgang's Steakhouse, Inc.*,
    2015 U.S. Dist. LEXIS 96903 (S.D.N.Y. July 23, 2015) ..................................................... 9

*Fullwood v. Wolfgang's Steakhouse, Inc.*,
    2017 U.S. Dist. LEXIS 11711 (S.D.N.Y. Jan. 26, 2017) ..................................................... 6

*Hammer v. Sam's E., Inc.*,
    754 F.3d 492 (8th Cir. 2014) ............................................................................................... 4

*In re Toys "R" Us-Del., Inc.-Fair & Accurate Credit Transactions Act (FACTA)
Litig.*, 2010 U.S. Dist. LEXIS 133583 (C.D. Cal. Aug. 17, 2010) ................................. 5, 6, 9

*Kamal v. J. Crew Grp., Inc.*,
    2016 U.S. Dist. LEXIS 145392 (D.N.J. Oct. 20, 2016) .................................................. 6, 7

*Katz v. Donna Karan Int'l, Inc.*,
    2017 U.S. Dist. LEXIS 75299 (S.D.N.Y. May 17, 2017)(Crotty, J.) ............................ passim

*Kinkopf v. Triborough Bridge & Tunnel Auth.*,
    1 Misc. 3d 417 (Civ. Ct., Kings County 2003) ................................................................... 8

*Laughlin v. Metropolitan Transp. Auth.*,
    2014 N.Y. Misc. LEXIS 444 (Sup. Ct., N.Y. County Jan. 29, 2014) .................................. 8

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ........................................................................................................ 2, 3

*Meyers v. Nicolet Rest. of De Pere, LLC*,
    843 F.3d 724 (7th Cir. 2016) ............................................................................................... 6

*Noble v. Nev. Checker Cab Corp.*,
  2016 US Dist. LEXIS 110799 (D. Nev. August 19, 2016) ................................................... 5

*NYPIRG Straphangers Campaign, Inc. v. Metro. Transp. Auth.*,
  309 A.D.2d 127 (1st Dep't 2003) ......................................................................................... 8

*Perry v. CNN, Inc.*,
  854 F.3d 1336 (11th Cir. 2017) ........................................................................................... 4

*Redman v. Radioshack Corp.*,
  768 F.3d 622 (2014) ............................................................................................................ 9

*Ross v. AXA Equitable Life Ins. Co*,
  2017 U.S. App. LEXIS 3239 (2d Cir. Feb. 23, 2017) ......................................................... 3

*Safeco Ins. Co. of Am. v. Burr*,
  551 U.S. 47 (2007) .............................................................................................................. 9

*Spokeo. Braitberg v. Charter Communications, Inc.*,
  836 F.3d 925 (8th Cir. 2016) .............................................................................................. 4

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) ............................................................................................. 3, 5, 7, 8

*Stampf v. Metropolitan Transp. Auth.*,
  57 A.D.3d 222 (1st Dep't 2008) .......................................................................................... 8

*Strubel v. Comenity Bank*,
  842 F.3d 181 (2d Cir. 2016) ............................................................................................ 3, 7

*Thompson v. Rally House of Kan. City*,
  2016 U.S. Dist. LEXIS 146146 (W.D. Mo. Oct. 6, 2016) .................................................. 6

*Vidoni v. Acadia Corp.*,
  2012 U.S. Dist. LEXIS 59967 (D. Me. Apr. 27, 2012) ...................................................... 9

*Warth v. Seldin*,
  422 U.S. 490 (1975) ............................................................................................................ 3

*Wenthen v. Metropolitan Transp. Auth.*,
  95 A.D.2d 852 (2d Dep't 1983) .......................................................................................... 8

*Whole Enchilada, Inc. v. Travelers Prop. Cas. Co. of Am.*,
  581 F. Supp. 2d 677 (W.D. Pa. 2008) ................................................................................ 7

**Statutes**

15 U.S.C. §1681 ................................................................................................................ *passim*

## PRELIMINARY STATEMENT

In its opening papers, the MTA demonstrated that Plaintiff failed to plead a concrete injury that is particularized, actual or imminent, and traceable, and therefore failed to plead standing. Plaintiff attempted to claim an injury as a result of receiving a receipt that revealed the first six digits of his Visa card; however, he admits in opposition (Plaintiff's Opposing Brief, "Br." at 18) that only he and his attorney and no one else saw that receipt. Thus, he faces *no* risk of identity theft and has no injury.

Plaintiff calls this a catch-22 and insists he still was burdened since he could not throw away the receipt. There are two problems with this argument. First, the alleged risk of identity theft that purportedly imposed the burden of keeping the receipt is itself hypothetical; it is not imminent and it is not recognized as a concrete harm in the Second Circuit. Second, and perhaps more important, the technical violation alleged here – the revelation of the first six digits of his card on the receipt – <u>cannot</u> actually lead to an increased risk of identity theft. Plaintiff attempts to showboat on Congress' purpose in enacting FACTA; however, he completely fails to rebut the fact that the digits allegedly printed on his receipt reveal information only about the card issuer (e.g. Visa, MasterCard, etc.) and not about him. Those very same digits appear on <u>every</u> card of the same make from the same issuer and FACTA does not prohibit revealing a card issuer's identity. Therefore, they do not disclose information specific to Plaintiff's account and the alleged burden he faced was wholly imaginary. Indeed, if Plaintiff were concerned about a risk posed by the numbers printed on his receipt, he would not have been the first to reveal to the public that he uses a Visa card. Amended Complaint at ¶¶ 17, 19.

Just two weeks ago, the District Court for the Southern District of New York decided this very issue in *Katz v. Donna Karan Int'l, Inc.*, No. 14 Civ. 740 (PAC), 2017 U.S. Dist. LEXIS 75299 (S.D.N.Y. May 17, 2017)(Crotty, J.). In that case, the plaintiff similarly asserted that

DKNY printed the first six digits of his Visa card on his receipt. *Id.* The court dismissed the complaint for lack of standing because plaintiff had not suffered any actual harm and the receipt could not "present a 'material risk of harm to [any] underlying interest' created and identified by FACTA" as it did "not disclose any information pertaining to Plaintiff." *Id.* at *9, *14.

Even if the Court were not persuaded by the analysis from its sister court and other courts across the country concerning lack of a concrete injury, the MTA also showed that the alleged harm was not particularized. Plaintiff counters that he himself received a technically violative receipt. But this Circuit requires that Plaintiff also show that he was at an imminent and identifiable risk of identity theft, and as discussed above, he cannot. Moreover, the MTA showed that since it did not issue the receipts, his alleged injury is not "fairly traceable to [any] challenged action of [it]." *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff's attempt (Br. at 22) to "define" the MTA to include its "constituent entities" must fail. The MTA is not liable for the conduct of separate juridical entities.

Finally, the MTA showed that even if Plaintiff had standing, his allegations of "willfulness" are inadequate. To recover statutory damages, Plaintiff was forced to plead a willful violation because he has not suffered any actual damages. Compare 15 U.S.C. §1681(o) (negligence allows actual damages); *with id.* at §1681 (more is required for statutory damages). Plaintiff attempted to conflate the standard for negligence and willfulness by alleging that mere awareness of FACTA suffices for pleading willfulness, but courts in this Circuit also require an allegation that defendant either knew it was violating FACTA or acted with reckless disregard as to whether it was. Plaintiff now takes the position that the MTA acted recklessly – because there was *no risk of harm*, Plaintiff does not allege a reckless violation.

2

## ARGUMENT

### I. THE AMENDED COMPLAINT FAILS TO PLEAD ARTICLE III STANDING

Plaintiff must affirmatively establish Article III standing, which requires (1) a concrete injury, (2) that is imminent and not hypothetical, (3) particularity, and (4) traceability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *Warth v. Seldin*, 422 U.S. 490, 518 (1975). The MTA demonstrated in its opening brief that Plaintiff failed to make any of these showings and nothing in his opposition detracts from the fact that he has not and cannot allege such an injury.

#### A. Plaintiff Cannot Plead a Concrete Injury Here

As the MTA argued in its opening brief, Plaintiff does not "automatically satisf[y] the injury-in-fact requirement" just because "a statute grants [him] a statutory right and purports to authorize [him] to sue to vindicate that right." *Spokeo*, 136 S. Ct. at 1550. Indeed, to plead a concrete injury premised on a procedural violation, Plaintiff must plausibly allege that it created a "'material risk of harm'" to "'satisfy the demands of Article III.'" *Ross v. AXA Equitable Life Ins. Co*, 15-2665-cv, 2017 U.S. App. LEXIS 3239, at *2 (2d Cir. Feb. 23, 2017) (quoting *Spokeo*); *Strubel v. Comenity Bank*, 842 F.3d 181, 190 (2d Cir. 2016); *DKNY*, 2017 U.S. Dist. Lexis 75299 at *10. Because this procedural violation does not present any risk of identity theft, the Amended Complaint must be dismissed for lack of Article III standing.

##### i. Printing Card Issuer Numbers is a Procedural Violation of FACTA

The MTA demonstrated in its opening brief that printing the first six digits of a card (the issuer identifying numbers) is a procedural violation of FACTA's truncation requirement. It cited no less than six cases from across the country where courts have so held. It also cited two cases from this Circuit, which found that a similar violation – the printing of the card expiration date – was a mere procedural violation. And, it cited the Supreme Court's decision in *Spokeo*,

3

where the court noted that in enacting FACTA, Congress "adopt[ed] *procedures* designed to decrease th[e] risk" of identity theft. *Spokeo*, 136 S. Ct. at 1550 (emphasis added) (addressing FCRA of which FACTA is a part). Since the MTA filed its opening brief, the District Court for the Southern District of New York has confirmed that this type of FACTA violation is procedural, stating that the "truncation requirement is a means to the end goal of identity theft prevention;" there is no "substantive right to receive a redacted copy of [a] credit card receipt." *DKNY*, 2017 U.S. Dist. Lexis 75299 at *10.

In opposition, Plaintiff did not cite any cases from the Second Circuit holding to the contrary. Instead, Plaintiff cites cases from other jurisdictions that rely directly or indirectly on *Hammer v. Sam's E., Inc.*, 754 F.3d 492 (8th Cir. 2014), an Eighth Circuit pre-*Spokeo* case that held that FACTA violations are substantive and give rise to standing in and of themselves. However, Plaintiff fails to acknowledge that the Eighth Circuit explicitly recognized that *Hammer* was abrogated by *Spokeo*. *Braitberg v. Charter Communications, Inc.*, 836 F.3d 925, 930 (8th Cir. 2016). Therefore, cases that rely on it are no longer good law. *See DKNY*, 2017 U.S. Dist. LEXIS at *12 & n.3 (explaining that *Deschaaf, Wood, Altman*, and *Guarisma* are now questionable as they directly or indirectly rely on *Hammer*); *Cruper-Weinmann v. Paris Baguette Am., Inc.*, 2017 U.S. Dist. LEXIS 13660, at *12 n.3 (S.D.N.Y. Jan. 30, 2017) (same); *Flaum v. Doctors Associates, Inc.*, 204F. Supp. 3d 1337, 1341-42 (S.D. Fla. 2016) (relying on *Hammer*).[1]

---

[1] *Amason v. Kangaroo Exp.*, No. 7:09-CV-2117-RDP, 2013 US Dist. LEXIS 32981 (N.D. Ala., Mar. 11, 2013), the only case that Plaintiff cites that does not rely on *Hammer* (because it predates it) is undermined by a decision from the same court on the same day, which certified an interlocutory appeal on the issue of "whether a violation of FACTA constitutes injury in fact for the purposes of standing." *Amason v. Kangaroo Exp.*, No. 7:09-CV-2117-RDP, 2013 U.S. Dist. LEXIS 32980, at *12 (N.D. Ala. Mar. 11, 2013). In granting the interlocutory appeal, the court identified "substantial ground for difference of opinion" as to the standing issue after reviewing FACTA case law. *Id.* No decision arose on that appeal because the parties settled. *See Amason v. Pantry, Inc.*, No. 7:09-CV-02117-RDP, 2014 U.S. Dist. LEXIS 90537, at *1 (N.D. Ala. July 3,

Plaintiff's argument (at 8-11, 16-17, 19-20) that Congress can create new actionable private rights is a strawman. There is no question that Congress can create new rights where none existed before. However, the Supreme Court has been clear: "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*, 136 S. Ct. at 1550. This is so because a mere procedural violation, like the one alleged here, "may result in no harm." *Id.* Thus, when a plaintiff alleges a mere procedural "statutory violation," he must also allege a material risk of the harm that Congress sought to prevent (here, identity theft). *Id.* As discussed below, there is no risk of identity theft arising from printing the first six card digits because those digits do not identify anything personal to the card holder. Plaintiff does not credibly dispute this.

ii. Printing Card Issuer Numbers Presents No Risk of Identity Theft

In its opening brief, the MTA explained that the purpose of FACTA was to curb identity theft, which by definition involves "a fraud committed using the *identifying information of another person*." 15 U.S.C. § 1681a(q)(3) (emphasis added). Since the first six digits of a credit card reveal no information that is personal to Plaintiff, but rather reveal only the card's make (e.g. Visa, etc.) and issuing institution, *DKNY*, 2017 U.S. Dist. Lexis 75299 at *13-15, "there is no possibility that [] printing [them] . . . could have resulted in a risk of harm greater than that prohibited by Congress." *In re Toys "R" Us-Del., Inc.-Fair & Accurate Credit Transactions Act (FACTA) Litig.*, No. MDL 08-01980 MMM , 2010 U.S. Dist. LEXIS 133583, at *53 (C.D. Cal. Aug. 17, 2010); *Noble v. Nev. Checker Cab Corp.*, 2016 US Dist. LEXIS 110799, at *9-10 (D. Nev. August 19, 2016) ("printing [card issuer identifying] numbers plus the last four numbers

---

2014). Moreover, Plaintiff's citation (at 11) to *Perry v. CNN, Inc.*, 854 F.3d 1336 (11th Cir. 2017) is inapposite as it concerns the Video Privacy Protection Act.

gives an identity thief no more personal information . . . than Congress has permitted to be printed on receipts").[2,3]

This is especially true where Plaintiff admits that no one other than he and his attorney has had access to the receipt. *DKNY*, 2017 U.S. Dist. Lexis 75299 at *13; *Cruper-Weinmann*, 2017 U.S. Dist. LEXIS 13660 at *11-14; *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 727 (7th Cir. 2016); *Thompson v. Rally House of Kan. City*, 2016 U.S. Dist. LEXIS 146146, *11 (W.D. Mo. Oct. 6, 2016); *Kamal v. J. Crew Grp., Inc.*, No. 2:15-0190 (WJM), 2016 U.S. Dist. LEXIS 145392, *8 (D.N.J. Oct. 20, 2016). Indeed, even assuming *arguendo* that identity thieves could make some use of the first six digits, the fact that they cannot get access to the receipt and that there are no allegations that they could means that the alleged injury is purely hypothetical.

Apparently recognizing the weakness of the argument that he suffered a material risk of identity theft, Plaintiff argues (Br. at 12-13) that he suffered an invasion of privacy. This argument has been repeatedly rejected in this circuit because Congress did not create a privacy right through the truncation requirement. *DKNY*, 2017 U.S. Dist. LEXIS 75299, at *17; *Cruper-Weinmann v. Paris Baguette Am., Inc.*, 2017 U.S. Dist. LEXIS 13660, at *14 (S.D.N.Y. Jan. 30, 2017). And in any event, the argument makes no sense. Plaintiff voluntarily handed over his

---

[2] *Cf. Cruper-Weinmann*, 2017 U.S. Dist. LEXIS 13660 at *11-14 (same re expiration date); *Fullwood v. Wolfgang's Steakhouse, Inc.*, No. 13 Civ. 7174, 2017 U.S. Dist. LEXIS 11711, *2, *16-*18 (S.D.N.Y. Jan. 26, 2017) (same).

[3] Plaintiff's Wikipedia citation (Br. at 17, n.4) is misguided. The cited algorithm does not make identification of the entire card number more likely. Instead, it takes an entire card number *as its input* to determine on a binary basis whether the inputted number is a valid card number. Moreover, Plaintiff's apparent argument has been rejected. *See In re Toys "R" Us*, 2010 U.S. Dist. LEXIS 133583 at *53 ("[T]he mathematical probably of discerning the remaining digits necessary to complete a transaction was either 10,000,000:1 or 100,000,000:1 . . . the odds of correctly picking all the numbers in California's Mega Millions Lottery game is 3,904,701:1 . . . . [B]ecause Congress did not prohibit the printing of issuer information on the credit card receipt, there is no possibility that the printing of the first six digits could have resulted in a risk of harm greater than that prohibited by Congress.").

credit card to the toll booth operator to pay the toll. The receipt was then handed over to him and no one else. This does not constitute an invasion of privacy. *Kamal*, 2016 U.S. Dist. LEXIS 145392, at *4 (printing first six and last four digits of credit card number on receipts does not implicate traditional privacy interests); *Whole Enchilada, Inc. v. Travelers Prop. Cas. Co. of Am.*, 581 F. Supp. 2d 677, 700 (W.D. Pa. 2008) ("violation of the truncation provision [] is not . . . an invasion of an individual's privacy right" where "cardholder willfully gives over his . . . [card] to . . . process the sale"). Plaintiff's argument is also undermined by his own disclosure of the card issuer (the same information disclosed by the first four digits) in his pleadings.[4]

### B.    Plaintiff's Alleged Injury Is Not Particularized

Plaintiff's argument (Br. at 11, heading II) that Congress can "confer standing on an affected party and award . . . redress . . . whether or not that person[] suffered harm [himself]" is wrong as a matter of law. Article III standing requires not only a concrete injury, but also particularity. *See Spokeo*, 136 S. Ct. at 1548. That Plaintiff is merely a "litigation 'tester'" (Br. at 9, 21) is not the problem. Even a litigation tester must personally suffer a concrete injury to have standing. Plaintiff's reliance on *Strubel* for the proposition that the plaintiff there had standing for violation of a provision requiring notice of how to dispute credit card charges despite having suffered no disputed charges (Br. at 17-19) misses the boat. In *Strubel,* the identified risk was the lack of knowledge of how to dispute charges. Therefore, violation of the notice provision created the exact risk identified. Here, the risk identified is identity theft. As discussed above, the violation alleged neither caused the theft of Plaintiff's identity nor increased its risk. As a result, Plaintiff fails to allege that *he* suffered any concrete injury and thus, fails to

---

[4] Plaintiff's apparent argument (Br. at 23-25) that FACTA's provision of statutory damages for willful violations *per se* confers standing is false. "The availability of statutory damages, without any injury, does not automatically confer standing." *DKNY*, 2017 U.S. Dist. Lexis 75299 at *17-18 (citing *Spokeo*, 136 S. Ct. at 1549.) Absent a concrete injury, Plaintiff's Amended Complaint must be dismissed for lack of standing.

7

show that the alleged violation affected him "in a personal and individual way." *Id.* Therefore, Plaintiff's Amended Complaint should also be dismissed for failure to allege particularity.

### C. Plaintiff's Alleged Injury Is Not Traceable to the MTA

In its opening brief, the MTA also demonstrated (at 13-15) that Plaintiff's alleged injury was not fairly traceable to it because it did not issue the receipts; the Triborough Bridge and Tunnel Authority (the "Authority") did and it is a separate juridical entity. *See* N.Y. Pub. Auth. Law § 553(9)(b) (Authority "maintain[s]" and "operate[s]" Bronx-Whitestone bridge) and § 553-f (discussing Authority's regulation of tolls for Verrazano-Narrows bridge). Indeed, "the MTA is not a participating authority in the toll collection enterprise." *Kinkopf v. Triborough Bridge & Tunnel Auth.*, 1 Misc. 3d 417, 431 (Civ. Ct., Kings County 2003), *rev'd on other grounds* (2d Dep't 2004). As a separate and distinct legal entity, any claimed injury is not traceable to the MTA. *See, e.g., NYPIRG Straphangers Campaign, Inc. v. Metro. Transp. Auth.*, 309 A.D.2d 127, 134 (1st Dep't 2003) (confirming separateness of the Authority and the MTA); *Stampf v. Metropolitan Transp. Auth.*, 57 A.D.3d 222, 223 (1st Dep't 2008) ("[t]he MTA is a distinct legal entity" "for purposes of suit"); *Wenthen v. Metropolitan Transp. Auth.*, 95 A.D.2d 852, 853 (2d Dep't 1983) (the "subsidiary corporation[s] of the Metropolitan Transit Authority" are "distinct legal entit[ies]"); *Laughlin v. Metropolitan Transp. Auth.*, No. 160255/13, 2014 N.Y. Misc. LEXIS 444, at *5 (Sup. Ct., N.Y. County Jan. 29, 2014) (same).

Plaintiff's attempt (Br. at 22) to distinguish these cases on the basis that they concern notice-of-suit requirements fails because they were not cited for their factual similarity; they were cited for the propositions that the MTA is a separate entity from the Authority, the MTA does not participate "in the toll collection enterprise," and as a separate entity, the claimed injury is not traceable to the MTA. Thus, the Amended Complaint must be dismissed for failure to allege the traceability required by Article III standing.

8

## II. PLAINTIFF FAILS TO ALLEGE A WILLFUL VIOLATION

Aside from addressing Plaintiff's pervasive standing issues, the MTA also demonstrated in its opening brief that Plaintiff failed to adequately plead willfulness. As explained, Plaintiff had to claim a willful violation because he had no actual damages and willfulness is required to collect statutory damages. In his Opposition, Plaintiff takes the position that the MTA's alleged violation of FACTA "was reckless" (Br. at 27) and criticizes the MTA for citing *Safeco* "only once" but, in fact, a review of *Safeco* confirms that Plaintiff failed to allege recklessness.

In *Safeco*, the U.S. Supreme Court described recklessness as involving an "action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68 (2007) (internal quotations omitted); *see also Redman v. Radioshack Corp.*, 768 F.3d 622, 627 (2014) (same cited by Plaintiff). Here, Plaintiff has not and cannot plausibly point to *any risk of harm*, much less a high risk of harm that has been caused by the MTA's actions. Indeed, disclosure of card issuer numbers does not create *any* risk of harm and FACTA "does not prohibit printing the name of [the] credit card issuer on a receipt." *In re Toys "R" Us*, 2010 U.S. Dist. LEXIS 133583 at *46;[5] *see also Vidoni*

---

[5] Plaintiff claims that "[u]nlike the provision at issue in *Safeco*, the FACTA truncation requirement that the MTA violated is clear and unambiguous"; "the MTA's moving papers concede by silence. . . that printing the exact digits which the statute commands shall not be printed has no defensible basis in the statutory text." Br. at 28 and 29. The MTA makes no concessions and for the very reason described above – that the statute does not prohibit disclosing the name of the issuer – an interpretation of the statute allowing for disclosure of the first four digits is not unreasonable. Even if the statute was found to be unambiguous, Plaintiff's allegations need to "cross the line from a level of knowledge of FACTA's requirements from which it merely possible to infer a willful violation, to a level from which it is plausible to infer such a violation." *See Fullwood v. Wolfgang's Steakhouse, Inc.*, 2015 U.S. Dist. LEXIS 96903, at *8 (S.D.N.Y. July 23, 2015) (noting limited application of *Safeco* where statute is unambiguous); *Vidoni*, 2012 U.S. Dist. LEXIS 59967, at *11 (requiring more than allegations of mere negligence, stating that "[i]n cases where the Defendant is aware of a statute's requirements, the Plaintiff must also allege that there was something more than a negligent violation, i.e. a voluntary, deliberate, or intentional violation.").

9

*v. Acadia Corp.*, No. 11-cv-00448-NT, 2012 U.S. Dist. LEXIS 59967, at *16 (D. Me. Apr. 27, 2012) (analyzing recklessness and noting that while it was possible that a criminal could go through great lengths to find additional credit card information, "it does not generate the 'high risk of harm' contemplated by the standard"). For this reason, along with those cited in its opening brief, Plaintiff fails to allege a willful violation.[6]

## CONCLUSION

The MTA requests that this Court dismiss the Amended Complaint with prejudice for two reasons. First, Plaintiff has pleaded himself out of standing by alleging that he was not harmed, especially considering that there can be no burden associated with protecting his information where the information disclosed presents no material risk of identity theft. Second, despite already having had the opportunity to amend his complaint, Plaintiff still has not pleaded any facts indicating that the alleged violation was anything more than negligent. Absent facts supporting an inference of willful conduct, Plaintiff is not entitled to statutory damages. Therefore, he cannot recover under FACTA even if he had standing to do so.

Dated: June 5, 2017

Respectfully submitted,

Joshua Briones (*pro hac vice*)
Esteban Morales (*pro hac vice*)
Kara Cormier
Todd Rosenbaum
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY and POPEO, P.C.
Attorneys for Defendant
Chrysler Center
666 Third Avenue
New York, NY 10017
(212) 935-3000

69119923v.5

---

[6] Putting aside the lack of pleading of actual knowledge of FACTA's requirements (see MTA's opening brief at 16-17), the Amended Complaint contains *no* allegation that the entity issuing the receipts knew it was violating FACTA or acted in a manner that entailed an unjustifiably high risk of violating it and therefore fails to plead the willfulness.