# MINTZ LEVIN

Esteban Morales | 310 226 7841 | emorales@mintz.com

Century Plaza Towers
2029 Century Park East
Suite 1370
Los Angeles, CA  90067
310-586-3200
310-586-3202 fax
www.mintz.com

October 2, 2017

<u>Via ECF</u>

Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East Brooklyn
New York 11201
Chambers: Room S905
Courtroom: N6G

      Re:    <u>*Katz v. Metropolitan Transportation Authority*, No. 1:17-cv-00472-KAM-RLM (filed January 31, 2017)</u>

Dear Judge Matsumoto:

      We write jointly on behalf of the parties and in response to the Court's September 27, 2017 Order requiring the parties to confer and file a joint letter notifying the court how they intend to proceed in light of the Second Circuit's recent decision in *Katz v. Donna Karan Co. Store, L.L.C.*  2017 WL 4126942, 2017 U.S. App. LEXIS 18086 (2d Cir. 2017).  Counsel for the parties conferred telephonically on September 29, 2017 and discuss their respective positions below.

**The Metropolitan Transportation Authority's Position – The Case Must be Dismissed**

      During the parties' September 29, 2017 conference, counsel for MTA advised that the case must be dismissed because it is factually identical to *Katz v. Donna Karan Co*.  If Plaintiff does not dismiss the case, MTA will proceed with its Motion to Dismiss, which is set to be heard on November 8, 2017; ahead of the hearing, MTA plans to submit a letter discussing the Second Circuit's opinion in accordance with the Court's June 28, 2017 Order.  MTA also intends to move forward with its motion for Rule 11 sanctions and is ready to participate in a pre-motion conference at the Court's convenience.  Otherwise, MTA will renew its request for a pre-motion conference regarding the motion once the Motion to Dismiss is decided and in accordance with the Court's April 20, 2017 Order.

      Instead of dismissing the case, Plaintiff's counsel contend they need time for additional evidentiary submissions and more briefing.  More submissions and briefing are a waste of resources, and the Motion should be heard on November 8th.  This is factually the same case as *Katz v. Donna Karan Co.* (so much so that plaintiffs in that case, and this case, share the same counsel).  No amount of discovery or evidence will allow Plaintiff to get around the fact that *no one* except he saw the allegedly offending receipts or that the first six digits of a credit card

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

BOSTON | LONDON | LOS ANGELES | NEW YORK | SAN DIEGO | SAN FRANCISCO | STAMFORD | WASHINGTON

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

October 2, 2017
Page 2

number reveal a card's issuer, which the Fair and Accurate Credit Transactions Act allows. Consequently, the Southern District of New York properly concluded that plaintiff in *Katz v. Donna Karan Co.* lacked Article III standing on identical facts and the Second Circuit has conclusively confirmed that on these facts Plaintiff does not have Article III standing – "the first six digits of a credit card number constitute the [Issuer Identification Number] for the card's issuer . . . . [P]rinting the first six digits – the IIN – is the equivalent of printing the name of the issuing institution, information which need not be truncated under FACTA and thus the court did not clearly err . . . ." *Donna Karan Co.*, 2017 U.S. App. LEXIS 18086 at *15 and *19. The same result is warranted here and Plaintiff needs to stop wasting the parties' and the Court's time and resources by dismissing this case immediately.

MTA notes that in the Opposition brief to MTA's Motion to Dismiss, Plaintiff has already submitted extrinsic evidence regarding "the enhanced risk of identity theft" he claims exists. *See* Opposition Brief, Dkt. # 19, Pg. 17, n.4., Pgs. 23-24. Nothing, moreover, stopped Plaintiff's counsel from trying to submit whatever additional extrinsic evidence or argument they claim exists along with their original Opposition and in accordance with the briefing schedule to which both parties agreed.[1] Nor did *Katz v. Donna Karan Co.* change the law on this issue such that Plaintiff's counsel could claim they were taken by surprise as a result of a new legal standard. *Donna Karan Co.*, 2017 U.S. App. LEXIS 18086 at *13-*14 (citing a 2016 Second Circuit decision, *Carter v. HealthPort Technologies, LLC*, 822 F.3d 47 (2d Cir. 2016)). While the Second Circuit opined that "in some circumstances" an opportunity to submit evidence is appropriate "depending on the novelty of the issue, the extent of the material dispute of facts, and the statutory prohibition in question," nothing indicates that any discovery, submission of more evidence, or additional briefing and hearings is proper on these facts. *Id.* at *18. Rather, the Second Circuit has confirmed that these facts require dismissal. The MTA respectfully urges the Court to hear its Motion on November 8th based on the briefing that is complete and which is before the Court.

**Plaintiff's Position and Application**

In *Katz v. Donna Karan Co. Store, L.L.C.,* 2017 U.S. App. LEXIS 1808 (No. 15-464)(2d Cir., September 19, 2017) ("*Donna Karan*"), the Second Circuit pointedly noted that the process which led to the factual findings before it "was more abbreviated than might be conventionally expected or desirable in many contexts." *Id*. at *17. The Circuit then explained and delineated the available scope of appropriate fact-finding procedures "in future cases" (e.g., this one) as follows:

> In light of *Spokeo's* renewed emphasis on subject matter jurisdiction for claims alleging bare procedural violations of law, we note that in future cases, evidentiary production via affidavits, and even limited jurisdictional discovery, may sometimes be appropriate in order to resolve a fact-based Rule 12(b)(1) standing challenge to a claim arising from such a violation. And in some

---

[1] Plaintiff had over two months from the time the Court held a pre-motion conference on March 1, 2017 and when Plaintiff's Opposition was due on May 15, 2017.

**Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.**

October 2, 2017
Page 3

circumstances, a fact-finding hearing with expert witness testimony may very well be appropriate, depending on the novelty of the issue, the extent of the material dispute of facts, and the statutory prohibition in question. After all, precisely because the plaintiff bears the burden of alleging facts demonstrating standing, we have encouraged district courts to "give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction" where necessary. *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 149 (2d Cir. 2011) (per curiam) (citation omitted).

In this case, the plaintiff did not seek the opportunity to supplement the record with additional evidence after defendants included in their motion papers extrinsic evidence suggesting that printing the IIN did not increase the risk of harm. ***Going forward, where a defendant makes a fact-based Rule 12(b)(1) challenge to jurisdiction, we are confident that district courts will oversee the appropriate extent of fact-finding necessary to resolve the contested issue***, and parties should be on renewed notice of both the right to introduce such evidence and the plaintiff's burden of proof to do so even at the motion-to-dismiss stage. *Donna Karan*, at *17-19. (emphasis added)

Plaintiff accordingly seeks leave to supplement the record with evidence relevant to the existence of jurisdiction," *id*., specifically the enhanced risk of identity theft inherent in the MTA's undisputed printing of the credit card account number digits expressly prohibited from disclosure by FACTA. Plaintiff proposes to exercise his "ample opportunity to secure and present evidence," *id.,* initially in the form of affidavits and additional argument, and reserves the right to seek additional discovery and, if necessary, to present hearing testimony on the point.

Plaintiff respectfully suggests December 15, 2017, as the deadline for plaintiff's initial submission, and that defendant be allowed appropriate additional time to present its evidence and argument controverting plaintiff's showing, subject to such further proceedings the Court may deem appropriate in light of such showings by the parties.

Respectfully Submitted,

*/s/ Esteban Morales*

Joshua Briones (admitted pro hac)
Esteban Morales (admitted pro hac)
Kara Cormier

72427047v.2