*The Law Offices of Shimshon Wexler, PC*
*315 W Ponce de Leon Ave. Ste 250*
*Decatur, GA 30030*
*Tel (212) 760-2400*
*Fax (917) 512-6132*
swexleresq@gmail.com

October 25, 2017

<u>Via CM/ECF</u>
Hon. Kiyo A. Matsumoto
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*Re:   Katz v. Metropolitan Transit Authority -- No. 1:17-cv-00472-KAM-RLM*

Dear Judge Matsumoto,

 On June 28, 2017, Your Honor permitted the parties to file a letter setting forth the relevance of any change in law or fact since briefing on the motion to dismiss has been closed. This letter serves that purpose.

 The key development since briefing closed on the instant motion is the Second Circuit decision in *Katz v. Donna Karan Company, L.L.C.*, 872 F.3d 114 (2nd Cir. 2017) ("*Donna Karan*"). In *Donna Karan*, the Second Circuit endorsed and adopted the legal doctrines urged by plaintiff Yaakov Katz[1] on the instant motion, holding that even a purely "procedural" statutory violation can vest a plaintiff with standing where the violation threatens concrete harm to the interest the relevant statute was enacted to protect. *Id.* at 118. Nevertheless, the Circuit affirmed the dismissal of a complaint charging the identical FACTA violation at issue in this case for lack of standing. The Second Circuit held that the lower court's finding that no qualifying threat of harm was traceable to the FACTA violation did not constitute "clear error" on what the Circuit recognized was a limited record.

 We expect the MTA to argue that *Donna Karan* leaves nothing for this Court to do but substitute the names of the parties and dismiss this case without prejudice for lack of standing. This would fundamentally misread both *Donna Karan* and the record

---

[1] Though they share a last name, the plaintiffs in Donna Karan and the present case are different individuals.

on this motion. In fact, on <u>this</u> record before <u>this</u> Court, on <u>this</u> motion, the "DNKY outcome" would be clearly erroneous under the very doctrines which *Donna Karan* reaffirmed. At the very least, this Court should allow the record to be developed further, in light of facts not adduced or considered in *Donna Karan* and in accordance with the Second Circuit's clear admonition to tread carefully in this area.

The key factual finding upheld in *Donna Karan* was that prohibited dissemination of the first six digits of plaintiff's credit card number revealed only the identity of the card issuer, which was printed on the receipt "in the clear," and thus posed no threat the plaintiff's privacy interests which Congress enacted FACTA to protect. In fact, as discussed below, additional information not of record in *Donna Karan* demonstrates that those digits carry immense additional risk beyond the disclosure of the final five digits permitted by FACTA.

First, disclosure of the first six digits diminishes the challenge of "cracking" a credit card number by a factor of one hundred thousand. The proof of this mathematical fact, which was not presented to the district court or the Second Circuit in *Donna Karan*, is not subject to dispute. Competent identity thieves know that Visa card numbers begin with 4. See http://smallbusiness.chron.com/identify-credit-card-account-number-61050.html (last visited Oct. 25, 2017); see also Allan Smith, *What the numbers on your credit card really mean*, BUSINESS INSIDER (Jul. 29, 2014) http://www.businessinsider.com/credit-card-numbers-meaning-2014-7 (last visited Oct. 25, 2017). If, as here, the receipt shows that a VISA card was used, the *Donna Karan* "no harm, no foul" analysis must carry the day. This, however, is not the case as to the second through sixth digits, of which there are $10^5$, or 100,000 possible combinations. Contrary to the district and circuit courts' assumptions in *Donna Karan*, the typical major credit card issuer uses not one but many different initial six digit combinations, with one major bank using nearly 250 combinations. *See*, *e.g.*, *www.creditcardvalidator.org/bank-of-america* (last visited Oct. 25, 2017) (Bank of America uses 246 different combinations); see also https://www.cardbinlist.com/bin-list-united-states.html?page=12 (last visited Oct. 25, 2017) (listing many different initial 6 digit combinations for Wells Fargo Bank, NA Visa and Mastercard). Therefore, knowing the issuer's name does not establish the second through sixth digits of the card number. On the other hand, disclosure of these digits in violation of FACTA massively simplifies the task of guessing or otherwise determining (e.g. by "brute force" trial and error) the full card account number. This too can be proved by simple arithmetic. Had defendant truncated plaintiff's card properly, a fraudster

would need to try $10^{11}$, or 100,000,000,000 (one hundred billion), combinations to ascertain plaintiff's card number. However, with all but six digits revealed, as happened in this case, a thief is faced with only 1,000,000 (one million) different combinations – a task one hundred thousand times easier than if the defendant had complied with the statute. This radically increased concrete risk to plaintiff's congressionally protected privacy and interests – which was not fully raised or considered in *Donna Karan* – amply satisfies all applicable standing tests.

*Donna Karan* let stand the district court's "no harm, no foul" finding on a truncated record which did not contain or address the information set forth above. This case specific outcome, however, does not betoken agreement with or endorsement of the district court's conclusions, but only indicates that, based on the record before the district court, the Circuit could find no "clear error." This is a most lenient and indulgent standard of review:

> "To be clearly erroneous, a decision must strike [us] as more than just maybe or probably wrong; it must ... strike [us] as wrong with the force of a five-week-old, unrefrigerated dead fish." In re Reilly, 245 B.R. 768, 772 (2d Cir. BAP), aff'd, 242 F.3d 367 (2d Cir.2000) (quoting *In re Miner,* 229 B.R. 561, 565 (2d Cir. BAP 1999)); see also Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228 (7th Cir.1989) (same).

As demonstrated in prior briefing, numerous district courts throughout the nation have come to opposite conclusions on this issue, on their own individual records. See, Dkt. No. 19 at 14-16. Clearly, many if not all of them would merit affirmance under *Donna Karan's* "clear error" test. In short, though the legal doctrines promulgated in *Donna Karan* are binding in this Court, the fact-based aspects of the decision – which are central to the instant motion – have no more precedential force than an affirmed jury verdict. The facts which were not before the court in *Donna Karan* compel a different result in this case.

Lastly, *Donna Karan* took careful note of the shortcomings in the development of the factual record before it. *Donna Karan* at 120 ("Admittedly, the fact-finding procedure below was more abbreviated than might be conventionally expected *or desirable* in many contexts")(emphasis added). The Circuit followed with a pointed reminder that courts should permit fuller development of the record in future cases. *Id.* at 121.("After all, precisely because the plaintiff bears the burden of alleging facts demonstrating standing, we have encouraged district courts to 'give the plaintiff ample

opportunity to secure and present evidence relevant to the existence of jurisdiction' where necessary."'") (citation omitted). At a minimum, this Court should allow a reasonable opportunity for the pertinent facts to be properly developed and appropriately presented. *Id.* ("Going forward, . . .we are confident that district courts will oversee the appropriate extent of fact-finding necessary to resolve the contested issue. . .")

We respectfully submit that *Donna Karan*, properly applied to the facts of record in this case, including those presented herein, requires that the instant motion be denied, or at minimum that appropriate discovery and fact-finding on dispositive jurisdictional issues be allowed to go forward before the motion is decided.

Respectfully,

s/ Shimshon Wexler

cc: All counsel (by ECF)